| 52  | 379 |
| --- | --- |
| 144 | 476 |

| 52    | 379  |
| ----- | ---- |
| 24 SC | ²613 |

# The Lackawanna and Bloomsburg Railroad Company *versus* Doak *et al.*

1. The use of any ordinary fuel to make steam in engines on a railroad is legal; the limit on its use is that the latest improvements in its management in practical use should be applied to it.

2. A building near a railroad was found to be on fire, whilst a train drawn by an engine without a "spark catcher" was passing; there was no direct evidence that sparks had come from the engine. *Held*, that it was proper for the court to submit the question of negligence to the jury.

3. It is the duty of a railroad company, in the use of an engine, to use such precaution as might reasonably prevent damage to others, and failure to do so is negligence.

ERROR to the Court of Common Pleas of *Luzerne county*.

This was an action on the case, commenced November 28th 1863, by John Doak and wife, Joseph Fry and wife, William

Hicks, Rosanna Hicks, Elizabeth Seybert, Frances Seybert, M. Seybert, Sarah K. Seybert, Lydia A. Seybert and J. B. Seybert, against The Lackawanna and Bloomsburg Railroad Co., for burning a building of the plaintiffs. The building was near the railroad. As a train of empty coal-cars was passing, the building was discovered to be on fire. The train was drawn by a coalburning engine, on which there was no spark catcher. The day was dry and windy, and the train was running with ordinary care and skill. There was no direct evidence that the building was fired by the engine, or that sparks were emitted from it at the time.

The court below directed the jury to ascertain the origin of the fire and the value of the building, reserving the point whether " there is any evidence to submit to the jury from which they can infer negligence." The jury, November 22d 1865, found for the plaintiffs $189, and the court, on the 2d of January 1866, entered judgment on the verdict. This was the error assigned.

*H. M. Hoyt* and *S. Woodward*, for plaintiffs in error, cited Reading Railroad *v.* Yeiser, 8 Barr 366 ; Huyett *v.* Same, 11 Harris 374 ; Hummell's Case, 3 Casey 106 ; Burroughs *v.* Housatonic Railroad, 2 Am. Railroad Cases 34 ; Redfield on Railways 357, 359.

*D. L. Rhine* and *G. M. Harding*, for defendants in error, cited Pittsburgh Bank *v.* Whitehead, 10 Watts 402 ; Morrison *v.* Davis, 8 Harris 171 ; Huyett *v.* Reading Railroad, 11 Id. 373 ; McCully *v.* Clarke, 4 Wright 399 ; East Pennsylvania Railroad *v.* Hottenstine, 11 Id. 30 ; Teall *v.* Barton, Am. Law Reg., No. 3, p. 318.

The opinion of the court was delivered, October 18th 1866, by
READ, J.—The only error assigned is that the court erred in not holding as matter of law, that there was no negligence on the part of defendants and that there could be no recovery by the plaintiffs, or, in other words, that the court should have instructed the jury to find for the defendants. Such an instruction would have taken away all the facts from the jury, and have made the court decide both the law and the facts.

Railroad companies are authorized by law to use locomotives propelled by steam generated by burning wood, coal whether anthracite or bituminous, or any other ordinary fuel. The use, therefore, of fire with its necessary concomitants, is legal, and the limit imposed upon its use is, that the latest improvements in its management in practical use should be applied to it.

In using locomotives to draw the cars, sparks will be emitted from the engine, which in a wood-burning engine will be arrested by a screen or spark catcher of fine wire, and this, if in proper order, will to a very great extent prevent all danger. An

[Lackawanna and Bloomsburg Railroad Co. v. Doak.]

anthracite coal burner will not admit of a screen or spark catcher of wire, but will of a screen or spark catcher of tank iron with apertures of three-eighths of an inch, such as are used on the Philadelphia and Reading Railroad, the greatest coal road of the country, and on the Delaware and Belvidere Railroad. On the Reading road coal-burning engines are used both for coal and freight and passengers. About 120 engines burning coal pass in and out of Reading daily, and an average of about 70 engines burning coal pass in and out of the depot at Broad and Callowhill streets daily, and no accidents by sparks from their locomotives have happened in the present year in the cities of Reading and Philadelphia.

I understand no screens are used on the coal-burners on the Delaware, Lackawanna and Western Railroad, on account of its very heavy grades requiring the utmost draft and the road passing through a wild and sparsely settled region. No such reason applied to the Lackawanna and Bloomsburg Railroad, which follows the course of the Susquehanna.

In the present case the engine was a coal-burner without any screen, and, therefore, in the primitive state which probably was the case when the anthracite coal was first used as the fuel to generate steam. It is clear then that the coal-burner was without the improvements introduced long ago on the Reading Railroad; it would seem, therefore, on this ground alone, the court could not have given the instruction prayed for.

" Whether in this instance," said Justice Lowrie, " it was caused by the carelessness of the defendants' servants, must be judged from the circumstances, and we think that the cases referred to by the plaintiffs' counsel show clearly enough that this question, under the evidence here, is within the province of the jury :" Huyett *v.* Philadelphia and Reading Railroad Co., 11 Harris 374.

In McCully *v.* Clarke & Thaw, 4 Wright 408, Judge Strong said : " It is the province of the jury to balance the probabilities and determine where the preponderance lies." " Using a dangerous agent——the law requires of them to adopt such precautions as might reasonably prevent damage to the property of others. Some precaution was a duty. They had no right to run their locomotive without it. Failure to adopt some precaution was, therefore, failure to discharge a defined duty, and was negligence."

Similar doctrine is laid down in the notes of Mr. Wharton to Vaughan *v.* Taff Vale Co., 3 H. & N. 732, and it is in consonance with the decision in that case, and on writ of error in the Exch. Ch., 5 Id. 679 ; Freemantle *v.* London and North Western Railroad Co., 10 C. B. N. S. 89 (100 E. C. L. R.) ; and Fero *v.* Buffalo and State Line Railroad Co., 8 Smith (N. Y.) 209.

The question of negligence is for the jury and not for the court, and they were right in refusing the instruction complained of.

Judgment affirmed.