## Erie Railway Company *versus* Decker.

78  293
144 473

1. In an action against a railroad company for burning a house, it was alleged that the fire was communicated by engine No. 458, which was not in a proper condition. *Held*, that the condition of that engine and its management were all that was to be considered.

2. If that engine was properly constructed, the company would not be liable, although the burning was occasioned by fire accidentally issuing from it.

3. Evidence to prove defects in other engines of the company was irrelevant, and should have been excluded.

4. On cross-examination, the inspector, who had been examined only as to 458, testified that he had sometimes found broken grates, but none within three years. *Held*, this answer was irrelevant; that the plaintiff was bound by it and could not contradict it by showing that broken grates had been found within that time.

March 15th 1875.  Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON, and WOODWARD, JJ.

Error to the Court of Common Pleas of *Pike county* : Of January Term 1874, No. 332.

This was an action on the case, brought September 1872, by Daniel Decker against The Erie Railway Company.  The following was the cause of action :—

The house of the plaintiff, which stood near the track of the defendants' railroad at Shohola Station, in the county of Pike, between Port Jervis and Lackawaxen, was destroyed by fire on the 6th of March 1872; the plaintiff alleged that the fire originated from sparks thrown from locomotive engine No. 458, belonging to the defendants, which passed his house about the time the fire commenced, and that the throwing of the sparks was from the negligence of the defendants in not having their apparatus in proper order.

The case was tried December 18th 1873, before Dreher, P. J.

The plaintiff testified, that his house caught fire between twelve and one o'clock P. M. ; before the alarm of fire a train, moving east, passed the house ; the house was entirely consumed and almost everything in it.  By other witnesses it was testified that in five minutes after the train passed the fire was discovered ; there had been other trains running that day ; none had passed between that of which he spoke and the breaking out of the fire.

For the defendants, Alfred Carpenter, the engineer of No. 458, testified, that he passed plaintiff's building about one o'clock in the afternoon of March 6th.  The engine had been recently built and had come new from the locomotive works at Scranton about February 1872 ; when it came from the shop it had a stack used for burning soft coal; it was shortly afterwards changed to a stack for burning hard coal, and a grate put in after the 1st of March ; it was the standard grate used on the Erie road; of the best kind in use ; nothing more could have been done in passing through Shohola to prevent the throwing of coals than was done ; he had

[Erie Railway Co. *v.* Decker.]

never known the engine to set fire to anything; he looked into the stack when the grate was put in; and also the day after the fire, and the grate was still there.

E. C. Beirne, stack-inspector of the defendants at Port Jervis, testified, that he examined the stack of No. 458 on the 5th of March 1872, and found it in complete order; he did not examine it on the 6th, but did on the 7th of March, and found it in good condition; so on the 8th and 12th of March; on the days it was not inspected it did not arrive during hours of inspection; the netting and grate were alike good for arresting sparks and for safety.

In addition to the cross-examination, which appeared on the notes of testimony certified by the judge below, the paper-book of the plaintiffs (defendants in error) gave the following as part of the cross-examination of Beirne: "On the 1st of March No. 458 had no grate; I saw a grate in on March the 5th; sometimes find broken grates; have not found any in three years; a grate will last eight months to a year."

The defendants gave other evidence, for the purpose of showing that the engine was in perfect condition; had been run carefully, and that the fire had originated inside of the building; and generally in answer to the plaintiff's case.

In rebuttal, the plaintiff offered to prove that within the past three years they have seen netting taken from the smoke-stack of a locomotive running between Honesdale and Port Jervis (Hawley Branch), and thrown away, and the engine running without it. This is offered to contradict the stack-inspector, who swore that no such thing had occurred within three years; also, that they have seen lumps of coal thrown from the smoke-stacks as large as hickory-nuts within same time.

It was objected that it was not competent to prove what had occurred on Hawley Branch, and that the evidence offered was not rebutting.

The offer was admitted and a bill of exceptions sealed.

Several witnesses testified in accordance with the offer.

The verdict was for the plaintiff for $4429.23.

The defendants took a writ of error, and assigned for error the admission of the foregoing evidence.

*W. H. Jessup*, for plaintiff in error.—A party will be held to the purpose for which the evidence was offered: Benner *v.* Hauser, 11 S. & R. 356; Gaines *v.* Commonwealth, 14 Wright 326; Piper *v.* White, 6 P. F. Smith 94. Evidence to show that other engines were defective was incompetent to prove that No. 458 was: Waugh *v.* Shunk, 8 Harris 130; Carson *v.* Godley, 2 Casey 111.

*G. G. Waller* (with whom was *F. M. Crane*), for defendant in

[Erie Railway Co. v. Decker.]

error.—It is discretionary with the court below what evidence to admit in rebuttal: Young v. Edwards, 22 P. F. Smith 265; Gaines v. Commonwealth, 14 Wright 319.

Mr. Justice GORDON delivered the opinion of the court, March 22d 1875.

It appears from the evidence, and it was conceded in the argument, that the only locomotive that could have fired the premises in question was that numbered 458, in charge of Alfred Carpenter, as engineer. It follows, therefore, that the condition of this engine and its management were all that were legitimately before the court. If it was properly constructed as to its furnace and smoke-stack, and was furnished with a spark-arresting grate of the proper character, the company would not be liable, though the building were burned by fire accidentally issuing from it: Railroad Co. v. Doak, 2 P. F. Smith 379. If, then, this engine was in a proper condition, it mattered not that every other engine, owned by the company, was without the proper appliances for preventing the ejection of coals and sparks. On the other hand, if this engine was dangerous, in this respect, it was of no consequence that all others upon the road were safe. Such being the case, it is manifest that all evidence going to prove defects in engines belonging to this company, other than the one alleged to have produced the injury complained of, was irrelevant to the issue pending, and should have been excluded. It is alleged, however, that this evidence was relevant as tending to contradict certain general statements made in the testimony of Edward C. Beirne, the defendant's stack-inspector. But we find nothing whatever in that testimony, as certified to us by the judge below, which tends to support such an hypothesis. No allusion is made by Beirne to any engine but No. 458.

If, nevertheless, we consider that which we are not bound to consider, to wit: the testimony reported in the counter-statement, taken from the notes of the counsel for the defendant in error, we are still unable to pronounce the ruling as free from exception.

The witness, on cross-examination, stated, among other things, that he depended upon his book entries to refresh his memory; that he sometimes found broken grates, but none within three years. Now, as this answer was irrelevant to the issue trying, and as there was nothing in the examination-in-chief which could properly induce a cross-examination productive of it, the plaintiff, who drew it out, was bound by it, and ought not to have been permitted, under a pretence of contradicting it, to throw evidence into the case, which, whilst prejudicial to the defence, was foreign to the matter in controversy: Griffith v. Eshelman, 4 Watts 51.

The judgment is reversed, and a *venire facias de novo* awarded.