# Mellinger *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Fire—Sparks from engine—Circumstantial proof.*

1. In an action against a railroad company to recover damages due to a fire alleged to have been caused by the negligent operation of an engine the case is for the jury, where plaintiff adduces evidence to show that on the day of the fire defendant's train drawn by an engine whose number was stated passed the premises puffing hard, while the wind was toward plaintiff's yard; that about fifteen minutes later a fire was discovered on the roof of a shed; that the same engine on the train was seen throwing out sparks "large as a hazel-nut" about one hour later, at a distance of two and one-half miles from the place of the fire, that sparks of this size could not pass through an ordinary arrester in good condition and properly adjusted, and that the engine had large holes in the stack.

2. In such a case it is not error to permit the plaintiff to show that the engine which had passed the plaintiff's property fifteen minutes before the fire was discovered, threw out large sparks two and one-half miles from the place of the fire about one hour after the fire had started.

3. In an action against a railroad company to recover damages for destruction of property by sparks, the plaintiff may recover, although his evidence is wholly circumstantial that a particular engine started the fire, and he produces no witness who actually saw the fire communicated by the engine to the building.

*Evidence—After discovered evidence—New trial—Courts—Abuse of discretion.*

4. Where after discovered evidence is of a cumulative nature and it is problematical whether it would have made any change in the result, the question of a new trial is for the trial judge, and in the absence of abuse his discretion will not be overruled.

Argued May 16, 1910. Appeal, No. 170, Jan. T., 1909, by defendant, from judgment of C. P. Lancaster Co., Jan. T., 1908, No. 54, on verdict for plaintiff in case of W. G. Mellinger v. The Pennsylvania Railroad Company. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Trespass to recover damages for burning of a lumber yard. Before Hassler, J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,360. Defendant appealed.

*Errors assigned* were refusal to grant new trial and refusal of binding instructions for defendant.

*W. U. Hensel,* for appellant.—The court erred in submitting the case to the jury: Albert v. Ry. Co., 98 Pa. 316; Henderson v. R. R. Co., 144 Pa. 461; Jennings v. R. R. Co., 93 Pa. 337; P. & R. R. R. Co. v. Schultz, 93 Pa. 341; R. & C. R. R. Co. v. Latshaw, 93 Pa. 449; Phila. & Reading R. R. Co. v. Yerger, 73 Pa. 121; F. & B. Turnpike Co. v. R. R. Co., 54 Pa. 345; Erie Ry. Co. v. Decker, 78 Pa. 293; P. & R. R. R. Co. v. Hendrickson, 80 Pa. 182; R. R. Co. v. Yeiser, 8 Pa. 366.

The refusal to grant a new trial was not the proper exercise of judicial discretion: Martin v. Marine, 1 Phila. 280; Moore v. Webster, 14 Pa. C. C. Rep. 433; Bishop v.

Lehman, 9 Phila. 112; Bitting v. Mowry, 1 Miles, 216; Kollock v. Palmer, 5 W. N. C. 474; Coghill v. Marks, 29 Cal. 673; Holbrook v. Nichol, 36 Ill. 161.

*John E. Malone*, with him *John M. Groff*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1910:

The plaintiff was the owner of a lumber yard with certain buildings and sheds located about seventy feet from the tracks of the defendant's railroad. On July 31, 1907, between 12 and 1 o'clock P. M., the property was destroyed by fire. Plaintiff brought suit alleging that the defendant negligently operated upon its line an engine with a defective smokestack which emitted large sparks in such a manner as to ignite and set fire to his property. He recovered a verdict, and the defendant has appealed.

The jury could have found from the testimony that on the day of the fire a work train of the defendant company passed the premises in question; that the engine ascended a heavy grade in approaching and was puffing very hard as it passed, while the wind was blowing over the railroad toward the plaintiff's yard; that about fifteen minutes thereafter a fire was discovered on the top of one of the lumber sheds about twenty feet from the ground; that at the time the fire started on the roof "there were no flames of fire in the shed under the roof where the fire was on top;" that the engine on the train was numbered 1346—"she was an extra engine operated everywhere;" that this same engine was seen at about 1 o'clock P. M. on the day of the fire two and one-half miles past the plaintiff's property throwing out sparks or cinders as large as the point of one's thumb, "as large as hazelnuts, or larger," and "some half an inch wide;" that the spark arresters in ordinary use are of three-sixteenths inch mesh, and sparks of the size and kind referred to could not pass through such arresters if in good condition and properly adjusted; that the engine in question had several holes

in the smokestack on the side near the plaintiff's property "some couple of inches wide and couple of inches long" and "just like burned through."

After referring to the testimony relating to the cause of the fire, the trial judge said: "From it you may infer that the shed was set on fire by the defendant's engine, if you are satisfied to arrive at such a conclusion from this testimony. It is not necessary that anyone should have seen the sparks go from the engine to the roof, but if the circumstances show and are such as would lead a reasonable man naturally to infer that that was the cause of the fire you may find that in your verdict. If it does not so satisfy you, or would not in your opinion satisfy a reasonable man, then, of course, it would not be sufficient evidence to justify you in finding that the fire was caused in this way. But even though the engine of the defendant company in emitting a spark, or in any other way, did cause this fire, that of itself would not be sufficient to render it liable for any loss which the plaintiff has sustained." The trial judge properly defined negligence and explained the duty of the plaintiff to prove it. After a general review of the evidence, the charge continued: "Now this testimony is all for you. If from it you find that the buildings were set on fire by the defendant company, and that it was caused by their not having a proper arrester such as is in usual and ordinary use in their engines, or that it was defective so it could emit a spark the size of a hazel-nut or the end of a man's thumb or half an inch in diameter, then defendant would have been negligent, and the plaintiff would be entitled to recover, but if, on the other hand, you find that the engine used on that day was 1351, that it had in it the proper spark arrester, such as is in ordinary use, that it was not defectively put in the engine, and that it could not have emitted sparks larger than three-sixteenths or one-quarter of an inch, then the defendant had done all that the law requires of it. It was not negligent, and the plaintiff could not recover." These were correct and

adequate instructions on the law, and we find no reversible error in their manner of statement.

Complaint cannot properly be made because of the admission of testimony to the effect that the engine threw out the large sparks two and one-half miles from the place of the fire about one hour after it had started. "Of course, the inquiry in all such cases is as to the existence or condition of the spark arrester at the precise time of the injury; but, in order to make this practical by proof that it was defective, or threw out sparks of unusual size, a reasonable latitude must be allowed to show its management and operation both before and after;" and "Where the injury complained of is shown to have been caused, or in the nature of the case could only have been caused by sparks from an engine which is known and identified, the evidence should be confined to the condition of that engine, its management and its practical operation:" Henderson v. Railroad Co., 144 Pa. 461. The testimony in question was relevant to the condition and operation of the engine, and it could not have been excluded on the ground that such operation was not immediately at the time and place of the fire.

There was no error in the refusal of the trial judge to charge: "There is no sufficient evidence in this case that any fire was communicated to plaintiff's property by defendant's engine, nor that the defendant was guilty of any negligence in the construction or management of its engine." Although the point is a close one, after serious consideration we are brought to the conclusion that the testimony was sufficient to take both of these questions to the jury. In Lackawanna & Bloomsburg R. R. Co. v. Doak, 52 Pa. 379, recovery was allowed "although there was no direct evidence that the building was fired by the engine, or that the sparks were emitted from it at the time;" and so in Erie Ry. Co. v. Decker, 78 Pa. 293. Of course, the burden is always upon the plaintiff to show that the sparks from the defendant's locomotive caused the fire. But "the evidence may be

wholly circumstantial; as, first, that it was possible for fire to reach plaintiff's property from the defendant's engines; and, second, facts tending to show that it probably originated from that cause and no other:" Byers v. B. & O. R. R. Co., 222 Pa. 547. While the mere fact that sparks are thrown from the stack of an engine is not in itself evidence of negligence, where, however, sparks of an unusually large size are emitted it may be inferred that the engine is not supplied with a sufficient spark arrester: Henderson v. Railroad, supra, and cases cited at p. 477 of the report. "It is not required that the fact (negligence in the construction or management of the engine) be established by direct or positive proof; like any other fact, it may be established by circumstantial evidence; and, on account of the great difficulty of proving negligence in such cases, any proper evidence from which the negligence can be inferred is sufficient to throw the burden on the defendant:" Henderson v. Railroad, supra. "The evidence that the engine threw out sparks of the kind described was in itself enough to carry the case to the jury, upon the question of whether the spark arrester was in good condition:" Byers v. B. & O. R. R. Co., 222 Pa. 547.

The defendant contended that the locomotive which passed the plaintiff's property just prior to the fire was engine 1351, and the plaintiff that it was engine 1346. At the trial the defendant asked the court to wait two hours to give it an opportunity to produce additional evidence relating to this point, and after verdict it asked for a new trial for the same purpose, claiming after discovered evidence. Both motions were refused. The motions were peculiarly for the trial judge and we cannot say that he abused his discretion in either refusal. The testimony sought to be adduced was of a cumulative nature, and we feel with the trial judge that it is extremely problematical whether it would have made any change in the result had the witnesses whose affidavits have been placed upon the record appeared at the trial.

Only one of them claims to have seen engine 1346 on the day of the fire, and he frankly admits that he did not see it between the hours of 6 A. M. and 6 P. M.

The assignments of error are all overruled and the judgment is affirmed.