## Kirk Johnson & Co., Inc., *v.* Fishman, Appellant.

*Contracts—Evidence — Question of fact — Question for jury— New trial—Refusal—Discretion of trial court.*

In an action of replevin where the only question involved was the question of fact as to whether or not the parties had entered into a contract with reference to the property in dispute the issue was properly one for a jury to determine.

The case was submitted to a jury and resulted in a verdict for the plaintiff. The trial court awarded a new trial, upon which the same result was reached. The defendant again moved for a new

trial but the court refused the motion. The granting or refusing of a motion for a new trial is so largely a matter of discretion in the court below that it will not be reviewed except in a clear case of abuse of discretion. There being no indication of such abuse the judgment was affirmed.

Argued March 15, 1923.   Appeal, No. 10, March T., 1923, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1921, No. 282 on verdict for plaintiff in the case of Kirk Johnson & Company Inc., v. Samuel Fishman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Replevin to recover possession of a piano.   Before Fox, J.

The facts are stated in the opinion of the Superior Court. .

Verdict for plaintiff in the sum of $1,100.   The plaintiff subsequently filed a remittitur for $100, because the verdict exceeded the plaintiff's demand by that amount. Judgment was thereupon entered upon the verdict as thus reduced.   Defendant appealed.

*Error assigned* was refusal to grant a new trial.

*Robert Rosenberg,* of *Rosenberg & Rosenberg,* for appellant.—When juries are so palpably regardless of their duties, or of the sanctity of their oaths, that they permit their verdicts to be rendered in obedience to their prejudices or their sympathies, the trial court should deal with them in a firm and decisive manner and should reject their erroneous verdicts without the least hesitation or delay: Holden v. Pa. R. R. Co., 169 Pa. 1; Maloy v. Rosenbaum Co., 260 Pa. 466; National Standard Clothes Co. v. Golden, 77 Pa. Superior Ct. 479.

*Scott S. Leiby,* for appellee.—The jury are the exclusive judges of the credibility of witnesses and the weight

578 KIRK JOHNSON & CO., INC., v. FISHMAN, Appel.

of their testimony: Thatcher v. Traction Co., 166 Pa. 66; Ely v. Railroad, 158 Pa. 233.

The granting or refusing of a motion for a new trial is so largely a matter of discretion that it will not be reviewed except in a clear case of abuse: Mifflintown Bank v. New Kensington Bank, 247 Pa. 40.

PER CURIAM, July 12, 1923:

This is an action of replevin to recover possession of a piano. There was no dispute as to the original ownership of the instrument. The defendant, who is the appellant, states in his history of the case that he "allowed the plaintiff's salesman to send a piano to his house in order that Mrs. Fishman might test it as to tone and decide whether she would like to keep it." This explains the manner in which the piano came into the possession of the defendant; it remained the property of the plaintiff. When the employees of the plaintiff went to remove the piano the defendant refused to surrender possession and plaintiff thereupon brought this action. The defendant testified that, after the piano had been delivered for trial, the plaintiff's salesman agreed to accept in payment for the piano a certain secondhand Maxwell automobile and that he (defendant) had delivered the said automobile to the salesman of the plaintiff in accordance with said contract. The only question involved in the case was one of fact, viz: had such a contract been made. The salesman of the plaintiff testified positively that no such contract had been made. The plaintiff produced evidence that the agent, even if he had made such a contract, had no authority whatever to enter into such an agreement. There were no inferences to be drawn by the jury in this case; the only question was whether the witnesses for the plaintiff or those for the defendant were telling the truth. The case was tried twice in the court below, the first trial resulting in a verdict for the plaintiff, and the court having granted a new trial, the same result was reached at the second. The only assignment

of error is to the refusal of the court below to grant a new trial, after the second verdict in favor of the plaintiff. The granting or refusing. of a motion for a new trial is so largely a matter of discretion in the court below that we will not attempt to review its exercise, except in a case of clear abuse of that discretion. The weight of the evidence is not always to be determined by merely counting the number of witnesses supporting the contention of the parties, respectively. The jury and the court below have an opportunity to observe the witnesses, and the mere manner of a witness may have a tendency to discredit his testimony. This defendant has had an opportunity to present his case to two juries, both of which have found against him. We have examined the testimony and find in it no warrant for holding that the court below abused its discretion.

The judgment is affirmed.