# George M. Strohlein, Trading As Maerky Machine Works *v.* J. Turner & Co., Appellant.

*Sales—Contracts—Evidence—Case for jury.*

In an action of assumpsit to recover the price of a gas engine, the case is for the jury, and a verdict for the plaintiff will be sustained where there is sufficient evidence to warrant a finding by the jury that the engine was of a character as represented, and that any failure of it to work satisfactorily was due to causes beyond the control of the vendor. Where the claim was made that the engine did not function properly, it was competent and relevant to show that an engine of that size, in order that it might run equally and steadily, required a larger gas supply than defendant's service pipe furnished, and that the defendant had refused to permit a larger pipe to be installed.

*Practice, C. P.—New trial—Refusal—Discretion of trial court.*

The granting or refusal of a motion for a new trial is largely a matter of discretion in the court below, and will not be reviewed except in a clear case of abuse of such discretion. There being no indication of such abuse a judgment in favor of the plaintiff will be affirmed.

Argued May 2, 1924. Appeal, No. 98, Oct. T., 1924, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1923, No. 724, on verdict for plaintiff in the case of George M. Strohlein, trading as Maerky Machine Works, v. J. Turner & Co., a corporation. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,845, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal to grant a new trial.

*Robert P. Shick,* for appellant.—The defendant was entitled to a new trial: Maloy v. Rosenbaum Co., 260 Pa. 466; Hewitt v. Dem. Publ. Co., 260 Pa. 59; Bradican v. Scranton Ry. Co., 260 Pa. 555.

There was no evidence of acceptance by the defendant: Steinmetz v. Currey, 1 Dallas 234; Pringle v. Gaw, 6 S. & R. 298; Grant v. Commonwealth, 71 Pa. 495.

*Harry Felix,* and with him *B. A. Illoway* and *James Yearsley,* for appellee.

OPINION BY KELLER, J., July 2, 1924:

Of the four assignments of error filed in this case, two relate to the rulings of the lower court upon the admission of evidence; and two to the refusal to grant a new trial. None of them, in our opinion calls for a reversal of the judgment.

The action was in assumpsit to recover the agreed price for a second-hand rebuilt 35 horsepower Backus gas engine. The defense was that the oral agreement provided that the engine when installed was to work satisfactorily and that it had never done this. This issue was submitted to the jury in a charge to which no exception is taken, and was resolved in favor of the plaintiff. There was testimony from which the jury might find that the engine worked satisfactorily when there was a sufficient supply of gas, and that any trouble that developed was due to the fact that the service pipe supplying gas to defendant's premises was too small—a matter for which plaintiff was not responsible; that plaintiff had notified defendant before the engine was installed that a larger service pipe would be required and at the latter's request had instructed the gas company to put it in, but that defendant later refused to permit this to be done. It was competent and relevant for the plain-

tiff to show that an engine of that size, in order that it might run equally and steadily, required a larger gas supply than defendant's service pipe furnished.   The first assignment is overruled.

The plaintiff, in answer to a question of defendant's counsel on cross-examination testified as to the price of such an engine new.   As the parties had agreed upon a price of $1,800 for the rebuilt engine, the question was wholly collateral and irrelevant and the answer was not subject to contradiction: Erie Ry. Co. v. Decker, 78 Pa. 293.   Besides, the witness, whose testimony was excluded, had stated that he knew nothing as to the price of this type of engine during the period of five years prior to the time of trial and for several years before the -time of contract.   The second assignment is overruled.

The motion for a new trial was founded on the refusal of the court to permit the introduction of testimony to contradict the plaintiff's statement that the original price of a new Backus gas engine of that size was $4,400 —covered by the second assignment of error—; and the formal reasons, that the verdict was against the law, the evidence and the weight of the evidence; and also on an additional reason based upon questions of plaintiff's counsel to which the record shows no objection or exception by defendant.   As to this last reason the court below well said: "If the objections to the questions asked upon cross-examination were made at the trial and do not appear upon the record, the proper way to bring the objections upon the record is by a direct proceeding for that purpose, and not by reasons in support of a motion for a new trial."   A careful reading of the testimony has not convinced us that the verdict was against the law, the evidence or the weight of the evidence.   The learned trial judge felt that the weight of the evidence was strongly in favor of the plaintiff, and we find in the record nothing to convict him of an abuse of legal discretion on that score: Kirk Johnson & Co. v. Fishman, 81 Pa. Superior Ct. 576.

The judgment is affirmed.