# Hinman *v.* Hinman, Appellant.

*Appeals—New trial—Discretion of court — Abuse — After-discovered evidence—Cumulative evidence.*

1. While no one of various reasons assigned for awarding a new trial may be sufficient in itself, yet all taken together may justify such an award, if it is found as a fact that a fair trial was denied.

2. If the appellate court finds the trial was fair, it will not review the discretion of the lower court, properly exercised, refusing a new trial.

3. Where after-discovered evidence is of a cumulative character, and it is problematical whether it would have made any change in the result, the question of a new trial is for the court below, and, in the absence of abuse, its discretion will not be overruled.

*Practice, C. P.—Failure of jury to agree—Communication between court and jury—Coercion.*

4. Where a jury, after a lengthy trial, sends word to the trial judge that it cannot agree and the judge sends an oral message through a constable that such course is not approved by the court, the action of the court is not ground for a reversal of a judgment on the verdict.

5. A mere failure to discharge a jury on its own request, is not coercion.

*Appeals—New trial—Discomfort of jurors.*

6. No ground is presented for a new trial by affidavits of several jurors that they were confined in a cold jury room, and that they deliberated all night without sleeping, although cots were available, where there is nothing to show that the discomforts experienced were complained of to the trial judge, or that they in any way affected the verdict.

Argued February 9, 1925. Appeal, No. 101, Jan. T., 1925, by defendant, from judgment of C. P. Blair Co., March T., 1924, No. 270, on verdict for plaintiff, in case

30      HINMAN v. HINMAN, Appellant.

of Anna E. Hinman v. Elizabeth Hinman. Before
MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-
HART, SADLER and SCHAFFER, JJ. Affirmed.

Issue devisavit vel non. Before BALDRIGE, P. J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff. Defendant ap-
pealed.

*Errors assigned* were, inter alia, (1-3) refusal of new
trial, and also various rulings, quoting record.

*Robert W. Smith,* with him *Thomas C. Hare,* for ap-
pellant, cited, as to new trial: Mix v. N. A. Company,
209 Pa. 636.
As to coercion of jury: Miller v. Miller, 187 Pa. 573;
Com. v. Martin, 34 Pa. Superior Ct. 451.

*John F. Sullivan,* with him *George G. Patterson,* for
appellee, cited, as to after-discovered evidence: Mel-
linger v. R. R., 229 Pa. 122.
As to misconduct of constable: Kelley v. R. R., 236
Pa. 110.

OPINION BY MR. JUSTICE SADLER, March 16, 1925:
Harry H. Hinman was married in 1909 to the present
plaintiff, and lived with her until the time of his death
in pleasant relationship.   The wife was in   delicate
health, frequently requiring medical assistance, and,
a few days before his death, went to Philadelphia, from
their home in Hollidaysburg, for treatment.   After she
left, Hinman signed a check in blank, stating that it was
to be filled out and used for the payment of her expenses.
The same day he became ill, and retired to his home,
where he was treated by a physician, being cared for by
a trained nurse.   Shortly before his death, which oc-
curred within seventy-two hours, his wife returned, and
was with him when the end came.   Letters of adminis-

tration were later granted to her upon application. Soon thereafter, there was found in a book, which had been placed on a table near his bed, the signed check above referred to, with a writing thereon in pencil above his signature, which is not disputed, "I give all I own to my beloved wife Anna personal and real estate." After consultation with counsel, this document was offered for probate as a last will, but objection was made by the mother, who was entitled to a share of decedent's estate, had he died intestate. To determine the validity of the document, an issue was framed, wherein the widow was made plaintiff and the mother defendant, and the matter certified to the common pleas, so that the authenticity of the writing could be passed upon. After a trial, which lasted several days, the jury found it to be genuine, and rendered a verdict for the plaintiff, although certain experts had testified that the words appearing above the signature of Hinman were not in his handwriting. The defendant, dissatisfied with the finding, and the subsequent order made by the learned court below, brings this appeal.

A motion for a new trial was made, various reasons being assigned, and all were overruled. Counsel for appellant admit that none are sufficient in themselves to warrant interference with the conclusion reached by the jury, but that if all are considered, such doubt as to its correctness is raised as to make it an abuse of discretion not to grant the application. The position insisted on might be sustained, if we could find merit in the suggestion that a fair trial was denied (Mix v. North American Co., 209 Pa. 636, 645), but an examination of the record in the present case does not lead to this belief.

The first complaint rests on the refusal to grant a rehearing because of after-discovered evidence. It appears from an affidavit filed that one of the experts is now prepared to testify that the writing on the face of the check is that of the plaintiff, and not of the decedent. He had already sworn that it was not that of Hinman,

but says he did not then have a sample of the widow's handwriting, and therefore could not say it was done by her. Nothing is averred to indicate that genuine writings could not have been obtained prior to the trial for purposes of comparison,—indeed, all the circumstances negative such suggestion. Any testimony proposed to show the instrument to be a forgery would be merely additional to what the defendant attempted previously to establish. Where after-discovered evidence is of a cumulative nature, and it is problematic whether it would have made any change in the result, the question of a new trial is for the court below, and, in the absence of abuse, its discretion will not be overruled: Mellinger v. P. R. R. Co., 229 Pa. 122. It cannot be said here that the learned trial judge misused his power, in refusing a new hearing for the reason suggested.

The jury retired, after proper instructions, and did not render its verdict until twenty-eight hours had gone by. In the meantime, it had twice informed the court, through an officer in charge, that no agreement could be had, and a discharge from further deliberation was asked. In view of the time consumed by the trial, this course was not approved by the court, and this information was orally conveyed through the constable in charge. The wisdom of such action was clearly a matter within the discretion of the presiding judge: Com. v. Clue, 3 Rawle 498; Com. v. Cook, 6 S. & R. 577; Mix v. North American Co., supra. Of course, if it appeared that this power had been abused, and the jury coerced (Miller v. Miller, 187 Pa. 572), the unwarranted action will be set aside, but a mere failure to discharge when requested is not coercion: Com. v. Martin, 34 Pa. Superior Ct. 451.

Affidavits of four jurors were presented here showing the jury room to have been cold, but no one states that the verdict rendered was the result of the physical discomfort experienced, nor does it appear that any request was made to the trial judge to remedy the condition, first complained of months after, or that the finding agreed

on was in any way affected thereby. Nor is there merit in the present complaint that the jurymen deliberated all night without sleeping on cots, which were available, though the officer in charge did so. No one advised the court of this inconvenience, nor is it suggested that the tipstaff refused to report any request made by those composing it: Kelley v. Lehigh Valley R. R. Co., 236 Pa. 110. We can see nothing in the papers submitted which would have justified the granting of a new trial because of alleged mistreatment of the jurors.

After careful consideration of the entire record, we are convinced no error has been shown, and all the assignments of error are overruled.

The judgment is affirmed.